IN THE SUPREME COURT OF NORTH CAROLINA

 2022-NCSC-38

 No. 154A21

 Filed 18 March 2022

 IN THE MATTER OF: J.I.G. and A.M.G.

 Appeal pursuant to N.C.G.S. § 7B-1001(a1)(1) (2019) from an order entered on

 19 March 2021 by Judge Denise Hartsfield in District Court, Forsyth County. This

 matter was calendared for argument in the Supreme Court on 18 February 2022 but

 determined on the record and briefs without oral argument pursuant to Rule 30(f) of

 the North Carolina Rules of Appellate Procedure.

 Melissa Starr Livesay for petitioner-appellee Forsyth County Department of
 Social Services.

 Mary V. Cavanagh and Jordan P. Spanner for appellee Guardian ad Litem.

 Robert W. Ewing for respondent-appellant father.

 MORGAN, Justice.

¶1 The trial court in this case terminated the parental rights of respondent-father

 to two juveniles, James and Amy1, after finding that clear, cogent, and convincing

 evidence supported the existence of three grounds for the termination of parental

 rights as enumerated in N.C.G.S. § 7B-1111(a) (2021). Respondent-father challenges

 1 In accord with the regular practice of our appellate courts, pseudonyms have been

 utilized in lieu of the actual names of the children to protect their identities.
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 the evidentiary basis for the trial court’s adjudication of the existence of each of the

 three grounds but does not challenge the trial court’s conclusion that termination of

 respondent-father’s parental rights served the best interests of the juveniles. Because

 we determine that clear, cogent, and convincing evidence supports the trial court’s

 findings of fact which support the determination that respondent-father “is incapable

 of providing for the proper care and supervision of the juvenile, such that the juvenile

 is a dependent juvenile within the meaning of [N.C.G.S. §] 7B-101, and that there is

 a reasonable probability that the incapability will continue for the foreseeable future”

 as required by N.C.G.S. § 7B-1111(a)(6), the trial court’s order terminating

 respondent-father’s parental rights is affirmed.

 I. Factual and Procedural Background

¶2 On 5 May 2017, 9-week-old James was admitted to the intensive care unit of

 Brenner Children’s Hospital in Forsyth County after James’s mother called the

 telephone emergency number 911 to report that the juvenile was limp and appeared

 to have ceased breathing. The attending physician determined that James was in

 critical condition due to extensive non-accidental trauma which included

 approximately 67 fractures to the infant’s bones throughout his body. The mother

 told the attending physician that she had left James propped upon the edge of a bed

 with a bottle and had left the room. When the juvenile’s mother returned to the room,

 James was nonresponsive on the floor. A Forsyth County Department of Social
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

Services (DSS) social worker interviewed James’s mother at the hospital. The mother

provided vacillating stories regarding the circumstances which existed at the time

that the juvenile suffered his injuries. First, the child’s mother represented that she

was the only person who provided care for James and his three-year-old sister Amy,

and that Amy must have been the one to hurt James because Amy was “hyper.”

Initially, the mother refused to reveal the identity of the father of James and Amy.

Eventually, the mother revealed that respondent-father was the father of James and

Amy, along with the disclosure that he had been residing in the same home as the

children at the time of James’s injuries. The mother explained that respondent-father

would look after the children while she worked, and that respondent-father had been

taking care of James and Amy while the mother worked on the night before James

was admitted to the hospital for the infant’s injuries. The DSS social worker

interviewed the juvenile Amy on the following day. The social worker asked Amy if

she knew how her brother James had been injured, and the three-year-old

affirmatively nodded her head. Amy volunteered that “Mommy threw the baby on the

floor” and that “Mommy was mad and shoved brother in [sic] the floor,” as recorded

by the DSS social worker. DSS also interviewed respondent-father who, like the

mother, could not offer a plausible explanation for the cause of the injuries to James.

While respondent-father instead repeatedly admitted that he had dropped James on

the floor, the attending physician explained that respondent-father’s story could not
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 account for the extent of the infant’s injuries.

¶3 On 9 May 2017, Forsyth County DSS filed juvenile petitions which alleged that

 both James and Amy were neglected and dependent juveniles, and that James was

 also an abused juvenile. The trial court entered orders granting nonsecure custody of

 both children to DSS on the same day based on the allegations contained within the

 petitions. On 13 September 2017, an adjudication hearing was held concerning the

 petitions. Respondent-father stipulated to the factual basis contained within the

 petitions, resulting in the trial court adjudicating James to be an abused, neglected,

 and dependent juvenile, and adjudicating Amy to be a neglected and dependent

 juvenile. Respondent-father was actively engaged in satisfying his case plan by

 attending the majority of his assigned parenting classes, visitation sessions, and

 court-ordered mental health and substance abuse assessments. However,

 respondent-father was arrested on 7 November 2017 and charged with four counts of

 felony child abuse based upon the injuries sustained by James in May 2017.

 Respondent-father remained incarcerated throughout the pendency of this case due

 to his inability to secure funds to post his assigned bond on the felony charges.

¶4 On 6 December 2019, Forsyth County DSS filed a motion to terminate the

 parental rights of the mother and respondent-father. However, due to COVID-19,

 issues with notice, and the illness of counsel, the trial court dismissed the termination

 motion without prejudice. DSS subsequently filed a second motion on 13 November
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 2020 to terminate the parental rights of the children’s mother and respondent-father,

 alleging that grounds existed to terminate respondent-father’s parental rights to both

 James and Amy under N.C.G.S. § 7B-1111(a)(1) (neglect) and (6) (incapacity), and

 additionally as to James alone under N.C.G.S. § 7B-1111(a)(1) (abuse). The TPR

 motions in this case were heard on 22 February 2021. At the hearing, the trial court

 received testimony from DSS social workers, the Guardian ad Litem for the juveniles,

 the mother of the juveniles, and respondent-father. On 19 March 2021, the trial court

 entered an order pursuant to this hearing which terminated the parental rights of

 the mother and respondent-father to both James and Amy.

¶5 Based on previous adjudication orders entered in this case, DSS’s

 investigation, and the testimony provided at the TPR hearing, the trial court entered

 findings in the termination of parental rights order which reflect that respondent-

 father has “severe cognitive defects” which present themselves as deficits in

 reasoning, problem solving, planning, and judgment. Further, respondent-father has

 an IQ of 61 and has been diagnosed with unspecified intellectual disability, bipolar

 disorder, and ADHD. Respondent-father has received SSI disability payments since

 he was seven years old due to his mental health and cognitive issues, and respondent-

 father has used these funds in the past to help to satisfy the basic needs of James and

 Amy. Respondent-father was ordered to complete a parenting capacity evaluation in

 order to assess his ability to parent, but he has declined an assessment arranged by
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 DSS while he has been incarcerated.

¶6 In light of the refusal of both parents to explain the source of James’s extensive

 injuries, the trial court found that both the mother and respondent-father were

 responsible for having abused their son. The trial court found that “there is no

 evidence presented that the Father’s cognitive defects and abilities . . . are expected

 to change.” Due to respondent-father’s profound mental impairment, the trial court

 further found that respondent-father “lacks the ability to independently care for the

 minor children” and “the capacity to parent.” The trial court went on to find that clear,

 cogent, and convincing evidence supported the determination that grounds existed to

 terminate respondent-father’s parental rights to James and Amy under N.C.G.S. §

 7B-1111(a)(1) (neglect) and (6) (incapacity), and additionally as to James alone under

 N.C.G.S. § 7B-1111(a)(1) (abuse). The trial court concluded that the termination of

 the parental rights of respondent-father to James and Amy would serve the best

 interests of the juveniles. Respondent-father timely filed notice of appeal.2

 II. Analysis

¶7 Before this Court, respondent-father contends that the trial court’s findings of

 fact fail to establish that he lacked the capacity to parent, that James and Amy were

 neglected juveniles, and that James was an abused juvenile at the hands of

 respondent-father. Regarding the existence of the ground of dependency as

 2 The mother is not a party to this appeal.
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 memorialized in N.C.G.S. § 7B-1111(a)(6), respondent-father cites evidence in the

 record which he submits would support a finding that he would have the capacity to

 parent the juveniles once respondent-father is released from incarceration.

 Respondent-father also challenges the trial court’s finding of fact that expresses

 respondent-father’s incapacity to parent.

¶8 Respondent-father’s appeal represents a challenge to the trial court’s

 adjudication of the existence of each ground for the termination of respondent-father’s

 parental rights contained within the order terminating his parental rights entered

 on 19 March 2021. Upon appeal, this Court is governed by the following principles:

 We review the trial court’s adjudication under N.C.G.S. §
 7B-1111(a) to determine whether the findings are
 supported by clear, cogent and convincing evidence and the
 findings support the conclusions of law. Unchallenged
 findings of fact are deemed supported by competent
 evidence and are binding on appeal. Moreover, we review
 only those findings needed to sustain the trial court's
 adjudication.

 The issue of whether a trial court's findings of fact support
 its conclusions of law is reviewed de novo. However, an
 adjudication of any single ground for terminating a
 parent's rights under N.C.G.S. § 7B-1111(a) will suffice to
 support a termination order. Therefore, if this Court
 upholds the trial court's order in which it concludes that a
 particular ground for termination exists, then we need not
 review any remaining grounds.

 In re B.J.H., 378 N.C. 524, 2021-NCSC-103, ¶ 11 (quoting In re J.S., 374 N.C. 811,

 814–815 (2020) (extraneity omitted).
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

¶9 Being cognizant of both respondent-father’s challenge to each of the grounds

 adjudicated to exist by the trial court and the settled rule that “the determination of

 the existence of any statutory ground which is duly supported is sufficient to sustain

 a termination order,” Id. at ¶ 12, we begin by reviewing the trial court’s adjudication

 under N.C.G.S. § 7B-1111(a)(6), which allows for the termination of parental rights

 if

 the parent is incapable of providing for the proper care and
 supervision of the juvenile, such that the juvenile is a
 dependent juvenile within the meaning of G.S. 7B-101, and
 that there is a reasonable probability that the incapability
 will continue for the foreseeable future. Incapability under
 this subdivision may be the result of substance abuse,
 intellectual disability, mental illness, organic brain
 syndrome, or any other cause or condition that renders the
 parent unable or unavailable to parent the juvenile and the
 parent lacks an appropriate alternative child care
 arrangement.

 N.C.G.S. § 7B-1111(a)(6). The ground of dependency requires that the petitioner show

 by clear, cogent, and convincing evidence that (1) the parent lacks the capacity to

 provide proper care and supervision of the juvenile such that the juvenile meets the

 definition of a dependent juvenile as found in N.C.G.S. § 7B-101(9), (2) “there is a

 reasonable probability that such incapacity will continue for the foreseeable future,”

 and (3) “the parent lacks an appropriate child care arrangement.” In re Z.G.J., 378

 N.C. 500, 511, 2021-NCSC-102 ¶ 31.

¶ 10 Here, the trial court entered the following relevant findings of fact in its 19
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 March 2021 order terminating respondent-father’s parental rights:

 79. [Respondent-father] reported to [DSS], as was found by
 the Court at Adjudication, that he receives SSI for “mental
 retardation, ADHD, and bipolar disorder.”

 80. [Respondent-father] has mental health conditions
 which include Bipolar Disorder and Attention Deficit
 Hyperactivity Disorder. [Respondent-father] has also been
 diagnosed with Unspecified Intellectual Disability.

 81. [Respondent-father] has severe cognitive deficits, with
 an IQ of 61, and due to his deficits in reasoning, problem
 solving, planning, abstract thinking, and judgment, he is a
 vulnerable person.

 82. There is no evidence presented that [respondent-
 father’s] cognitive defects and abilities as described herein
 are expected to change.

 ...

 86. Testimony from the Respondent Mother, the Social
 Worker, and the Guardian ad Litem was consistent that
 [respondent-father] lacks the ability to independently care
 for the minor children.

 87. Based upon all of the foregoing, [respondent-father] is
 unable to provide appropriate care and supervision for the
 minor children’s needs, this incapacity is expected to
 continue for the foreseeable future, and he lacks an
 appropriate alternative child-care arrangement, such that
 the minor children are dependent juveniles within the
 meaning of [N.C.G.S. § 7B-101(9)].

 88. . . . [Respondent-father] is not able to provide the care
 and supervision that the minor children require.

¶ 11 Respondent-father’s sole argument in his exception to the trial court’s finding

 of the ground of dependency is that “the trial court’s findings of fact and conclusions
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 that [respondent-father’s] mental illness rendered him incapable of parenting his

 children at the time of the termination hearing was [sic] not supported by the

 competent evidence.” While respondent-father expressly challenges only Finding of

 Fact 86, Finding of Fact 87 is also implicitly challenged by its inclusion of the trial

 court’s ultimate finding as to respondent-father’s ability to parent. All other findings

 of the trial court are unchallenged by respondent-father regarding the ground of

 dependency. These unchallenged findings are therefore “deemed supported by

 competent evidence and are binding on appeal.” In re T.N.H., 372 N.C. 403, 407

 (2019).

¶ 12 In support of his specific contention, respondent-father admits that the DSS

 social worker testified that respondent-father had not demonstrated to DSS his

 ability to parent, but argues that the social worker’s testimony also established that

 respondent-father had exercised all of his scheduled visitations with the children

 during which he demonstrated safe parenting skills. Respondent-father further

 argues that the trial court’s findings concerning his incapacity to parent could not be

 supported by the testimony of the children’s Guardian ad Litem because, while the

 Guardian ad Litem testified that respondent-father was incapable of parenting, the

 Guardian ad Litem did not observe any of the visitations or review the DSS record of

 the visitations.

¶ 13 Respondent-father’s acknowledgement of the evidence offered by the social
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 worker and Guardian ad Litem regarding their respective observations that

 respondent-father was incapable of parenting, when juxtaposed against more

 favorable testimony regarding other aspects of respondent-father’s displayed

 parenting skills, illustrate that the question posed to us in this regard is not whether

 the trial court’s findings of fact were supported by clear, cogent, and convincing

 evidence, but whether the trial court assigned the proper weight and credibility to

 the evidence before it. The assignment of weight and evaluation of the credibility of

 the evidence resides solely within the purview of the trial court, and the trial court’s

 factual determinations which are supported by clear, cogent, and convincing

 evidence, including the testimony of the social worker and Guardian ad Litem in the

 case at bar, are binding on appeal “notwithstanding evidence to the contrary.” In re

 J.R.F., 2022-NCSC-5, ¶ 34.

¶ 14 Respondent-father also notes that the testimony of the children’s mother could

 not support the trial court’s findings related to his inability to parent because, at the

 termination of parental rights hearing, the mother abruptly exited the hearing by

 withdrawing from the virtual meeting prior to being subjected to cross-examination

 by respondent-father’s counsel. We agree with respondent-father that the mother’s

 opinion about his ability to parent should not factor into the trial court’s

 determination of the existence of grounds in light of the adversarial nature of the

 adjudicatory phase of termination of parental rights proceedings. Compare In re R.D.,
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 376 N.C. 244, 253 (2020) (“While it is axiomatic that cross-examination of an adverse

 witness is an essential right in adversarial proceedings, the dispositional stage of a

 termination proceeding is not adversarial.” (citation omitted)), with N.C.G.S. § 7B-

 1109(f) (2021) (“The rules of evidence in civil cases shall apply” at the adjudication

 phase.). Concomitantly, we do not find the mother’s opinion or the trial court’s

 consideration of her opinion to be particularly salient on the point of respondent-

 father’s incapacity to parent, and “we limit our review to those challenged findings

 that are necessary to support the trial court’s determination that respondent-father’s

 parental rights should be terminated.” In re N.G., 374 N.C. 891, 900 (2020). The

 portion of the trial court’s Finding of Fact 86 which refers to testimony of the mother

 is thereby discarded in our analysis of the trial court’s order. Id. at 901 (disregarding

 portion of finding of fact not supported by the evidence.).

¶ 15 Even after addressing respondent-father’s challenges to the trial court’s

 adjudication of grounds to terminate his parental rights under N.C.G.S. § 7B-

 1111(a)(6), there remain ample unchallenged findings of fact supported by clear,

 cogent, and convincing evidence to support a finding of dependency. The trial court

 found that respondent-father suffered from severe mental infirmities which

 demonstrably impaired his ability to reason, plan, exercise judgment, think

 abstractly, and problem solve. Respondent-father had a tenuous grasp of the concept

 of dates as evidenced by his provision of random, inaccurate birthdates of his children
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 and his initial testimony that the children were last in his care years prior to James’s

 birth. Respondent-father testified that “it shouldn’t be that long” before he would be

 able to complete the parenting capacity evaluation and parenting classes despite

 being incarcerated awaiting trial on felony charges with an unknown release date.

 The trial court considered such evidence and incorporated its determinations

 regarding the information in a manner which is supported by the record and

 appropriately assessed by the trial court.

¶ 16 Contrary to respondent-father’s contention that the trial court’s findings were

 “not based on the evidence at the time of the termination proceeding” because the

 trial court did not consider his participation in mental health and parenting services

 prior to his incarceration, the trial court’s uncontested findings establish that, at the

 time of the termination hearing, respondent-father suffered from debilitating mental

 infirmities which rendered him incapable of providing care for James and Amy such

 that the juveniles were dependent as defined by N.C.G.S. § 7B-101(9). The trial

 court’s further uncontested findings establish that the juveniles “lack[ed] an

 appropriate alternative child-care arrangement” and that respondent-father’s

 “incapacity is expected to continue for the foreseeable future.” Therefore, the trial

 court’s order contains sufficient findings of fact, which are in turn supported by clear,

 cogent, and convincing evidence, to support the trial court’s ultimate determination

 that grounds existed under N.C.G.S. § 7B-1111(a)(6) to terminate respondent-father’s
 IN RE J.I.G. AND A.M.G.

 2022-NCSC-38

 Opinion of the Court

 parental rights. Because we conclude that at least one of the alleged grounds for the

 termination of respondent-father’s parental rights was supported by findings of fact

 based on clear, cogent, and convincing evidence, we need not address respondent-

 father’s further challenges regarding the remaining grounds of abuse or neglect. In

 re B.J.H., 378 N.C. at 529.

 III. Conclusion

¶ 17 The trial court order terminating respondent-father’s parental rights as to

 James and Amy reflected the trial court’s finding that respondent-father’s incapacity

 to parent rendered the juveniles dependent as defined by N.C.G.S. § 7B-101(9), and

 that there was a reasonable probability that the incapability would continue for the

 foreseeable future. This finding was supported by other uncontested findings of fact

 or by clear, cogent, and convincing evidence on the record. Respondent-father does

 not appeal the trial court’s dispositional conclusion that termination of respondent-

 father’s parental rights would serve the best interests of the children. We therefore

 determine that there is no error in the trial court’s order entered on 19 March 2021

 which terminated the parental rights of respondent-father.

 AFFIRMED.